**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000163
17-JUN-2026
08:25 AM
Dkt. 45 SO**

NO. CAAP-24-0000163

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

KEKAI KEAHI and JENNIFER KAMAHOʻI MATHER,
individuals, Plaintiffs-Appellants, v.
DAWN CHANG, Chairperson of the Commission on
Water Resource Management and Commission on
Water Resource Management, State of Hawaiʻi,
Defendants-Appellees.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV-23-0001078)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Hiraoka and Wadsworth, JJ.)

This appeal stems from a lawsuit brought by Plaintiffs-Appellants Kekai Keahi and Jennifer Kamahoʻi Mather (together, **Plaintiffs**) against Defendants-Appellees Dawn N.S. Chang (**Chang**), Chairperson, Commission on Water Resource Management (**CWRM** or the **Commission**), and CWRM, State of Hawaiʻi (together, **Defendants**) in connection with the redeployment of First Deputy[1] M. Kaleo Manuel (**Manuel**) in August 2023. The Circuit Court of the First Circuit (**Circuit Court**)[2] dismissed Plaintiff's August 21, 2023 Complaint for Declaratory and Injunctive Relief (**Complaint**) as moot.

---

[1] Hawaii Revised Statutes (**HRS**) § 174C-6(a) establishes the position of "first deputy to the chairperson of the commission on water resource management ('deputy for water resource management') who shall be in addition to any other first deputy to the chairperson as the chairperson of the board of land and natural resources." We refer to the position as "First Deputy."

[2] The Honorable John M. Tonaki presided.

Plaintiffs appeal from the March 12, 2024 *Final Judgment* (**Judgment**) entered in favor of Defendants by the Circuit Court. Plaintiffs also challenge the Circuit Court's December 8, 2023 *Order Granting Defendants' Motion to Dismiss Complaint . . ., and Denying Plaintiffs' Motion for Summary Judgment Filed September 18, 2023, and Plaintiffs' Motion to Disqualify Deputy Attorney General and to Order the Appointment of Separate, Screened Deputy Attorney General for Defendant Commission on Water Resource Management Filed September 25, 2023*.

On appeal, Plaintiffs contend, among other things, that the Circuit Court erred in dismissing the Complaint as moot.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Plaintiffs' contentions as follows.

## I.  Background

The Complaint alleged:  (1) on August 16, 2023, Chang, in her capacity as Chairperson of the Department of Land and Natural Resources (**DLNR**), issued a public statement that "the Commission Deputy,"[3] *i.e.*, Manuel, was being redeployed to another division of DLNR; (2) "[n]o meeting of the Commission where the transfer, discharge or other personnel action regarding the Deputy was noticed pursuant to HRS § 92-7"; (3) "[n]o meeting of the Commission where the . . . personnel action regarding the deputy occurred where members of the public, including Plaintiffs, were given the opportunity to provide written or oral testimony"; (4) "[n]o open meeting of the Commission where the . . . personnel action regarding the deputy occurred where the Commission voted to close the meeting to the public pursuant to HRS §§ 92-4 or 92-5"; and (5) to the extent the Commission's personnel powers can be delegated to one of its members, "no administrative rule has been promulgated pursuant to HRS § 91-3

---

[3]    Where the Complaint used the term "Deputy" or "deputy," it is not clear whether Plaintiffs were referring to Manuel, the position of First Deputy, or both.

2

that delegates the Commission's authority to any of its member or another."

The Complaint asserted three claims based on these allegations:  (1) for violation of the Sunshine Law, HRS chapter 92 (**Count I**); (2) for a determination that the Sunshine Law is applicable in these circumstances (**Count II**); and (3) for "illegal rulemaking" (**Count III**).  (Capitalization altered.) The Complaint asked that the court:

> (1)   Void the final action of transferring or discharging the Deputy on or about August 16, 2023;
>
> (2)   Determine the transferring or discharging of the Deputy is a Commission action that must occur pursuant to the Sunshine Law at a[n] open meeting;
>
> (3)   Determine any delegation of Commission authority to transfer or discharge the Deputy was a rule that was required to be adopted pursuant to HRS § 91-3, that no administrative rule was so promulgated and any actions taken are void and that any proposed promulgation of administrative rules must comply with the Sunshine Law;
>
> (4)   For preliminary and permanent injunctive relief enjoining Defendants, and their employees, agents, servants, and representatives, and any other persons acting in concert with them, under their authority, or with their approval, from any conduct in furtherance of their transfer or discharge of the Deputy until Defendants fully comply with the Charter and all applicable laws[.]

On September 15, 2023, Defendants filed a motion to dismiss the complaint pursuant to Hawaiʻi Rules of Civil Procedure Rule 12(b)(6) (**Motion to Dismiss**).  On September 18, 2023, Plaintiffs filed a motion for summary judgment on all claims (**MSJ**).  Then, on September 25, 2023, Plaintiffs filed a motion to disqualify Defendants' counsel from representing both Chang and CWRM, and for an order appointing separate, screened counsel for CWRM (**Motion to Disqualify**).

In their November 21, 2023 opposition to the MSJ, Defendants asked the Circuit Court to take judicial notice that Manuel had been returned to his position as First Deputy as of October 9, 2023.  Defendants contended that this new fact rendered the case moot.

Following a November 29, 2023 hearing, the Circuit Court granted Defendants' Motion to Dismiss on mootness grounds,

3

ruling that, "[a]s [Manuel] has returned to his position, there is no live controversy for the Court to rule on and the case has been rendered moot."  The Circuit Court thus "decline[d] to provide an opinion of the applicability of the Sunshine Law and whether the First Deputy position is subject to removal in a Sunshine Law meeting."  The court further determined:  "As the case is moot, the [MSJ] is denied, the Motion to Dismiss is granted, and the Motion to Disqualify is moot."  The Judgment followed.

On appeal, Plaintiffs assert four points of error, contending that the Circuit Court erred in:  (1) dismissing as moot Plaintiffs' "HRS § 92-12 challenge," which appears to be their shorthand for the determinations they seek regarding their Sunshine Law and illegal rulemaking claims; (2) "denying summary judgment for [Plaintiffs] as to Count I or Count II of the [C]omplaint"; (3) "denying summary judgment as to Count III of the [C]omplaint"; and (4) denying Plaintiffs' Motion to Disqualify.

## II. Discussion

Plaintiffs appear to acknowledge that their request for a court order voiding Manuel's redeployment was rendered moot when he was returned to his position as First Deputy.  Plaintiffs contend:

> <u>However</u>, [Plaintiffs] <u>also sought</u> the court's <u>determination</u> that transfer or discharge of the Deputy is a Commission action subject to the Sunshine Act and any delegation of Commission authority to transfer or discharge the Deputy to the CWRM chair is a rule required to be adopted pursuant to the Hawaiʻi Administrative Procedure Act, HRS Chapter 91 ("HAPA").  Defendants' voluntary decision to return Manuel to his position as First Deputy did not moot [Plaintiffs'] <u>other substantive requests for relief</u>.

(Emphases added; citation omitted.)  Plaintiffs rely in part on HRS § 92-12(c), which permits any person to file suit in the circuit court "for the purpose of requiring compliance with or preventing violations of [HRS chapter 92, Part I, regarding public agency meetings] or to determine the applicability of [Part I] to discussions or decisions of the public body."

4

Plaintiffs also rely on the supreme court's decision in Civil Beat Law Ctr. for the Pub. Interest, Inc. v. City & Cnty. of Honolulu, 144 Hawaiʻi 466, 445 P.3d 47 (2019). There, the plaintiff sought declaratory and injunctive relief against the City and County of Honolulu and its Police Commission, including "declaratory relief interpreting the Sunshine Law's open meeting requirement, HRS § 92-3, and criminal penalties provision, HRS § 92-13." Id. at 472, 445 P.3d at 53. The plaintiff alleged in part that the Police Commission had misinterpreted the Sunshine Law by concluding that it was required to enter into an executive session to discuss a personnel matter, and by concluding that its members would be subject to criminal prosecution if they discussed the matter in open session. Id. The circuit court dismissed these claims as moot because there was no dispute that the Police Commission had properly met in executive session to protect privacy interests and to preserve the attorney-client privilege, even if it was not required to do so to discuss the personnel matter. Id. at 473–74, 445 P.3d at 54–55. The supreme court vacated the dismissal, ruling that there was still a "live controversy" regarding interpretation of the Sunshine Law, and error by the circuit court in "overlook[ing] the parties' genuine dispute and . . . not acknowledg[ing] that declaratory relief would prevent future harm to the public interest." Id. at 475–76, 445 P.3d at 56–57.

For their part, Defendants contend that the Circuit Court properly dismissed Plaintiffs' claims for injunctive relief, but should have ruled on the merits of their claims for declaratory relief, i.e., Defendants acknowledge that the court erred in dismissing the latter claims as moot. Defendants recognize that "Civil Beat seems to resolve [Plaintiffs'] first point of error, allowing [them] to pursue their claims for declaratory relief under the Sunshine Law." (Footnotes omitted.) Defendants argue, however, that Plaintiffs' unlawful rulemaking claim under HRS § 91-3 was properly dismissed as moot.

"A case is moot if it has lost its character as a present, live controversy of the kind that must exist if courts are to avoid advisory opinions on abstract propositions of law." Civil Beat, 144 Hawaiʻi at 476, 445 P.3d at 57 (quoting Kahoʻohanohano v. State, 114 Hawaiʻi 302, 332, 162 P.3d 696, 726 (2007)). In other words, "a case is moot if the reviewing court can no longer grant effective relief." Kahoʻohanohano, 114 Hawaiʻi at 332, 162 P.3d at 726 (emphasis and brackets omitted) (quoting Kemp v. State of Hawaiʻi Child Support Enf't Agency, 111 Hawaiʻi 367, 385, 141 P.3d 1014, 1032 (2006)).

We conclude that the Circuit Court did not err in dismissing Count I of the Complaint, in which Plaintiffs alleged that CWRM violated the Sunshine Law, and "ask[ed] that the action of 're-deploying', transferring, or discharging the Commission's deputy be declared void and a nullity." Manuel's return to the First Deputy position in October 2023 rendered this claim moot because the Circuit Court could no longer grant Plaintiffs effective relief, i.e., it could not undo Manuel's redeployment from the position he had already returned to.[4] Plaintiffs seem to acknowledge this (see supra) and do not argue that any exceptions to mootness apply.

The Circuit Court erred, however, in dismissing Count II of the Complaint, in which Plaintiffs realleged that CWRM violated the Sunshine Law, and sought "a determination from th[e Circuit] Court, pursuant to HRS § 92-12(c), declaring the Commission is required to conduct such an open meeting and provide such notice before any such action may be taken."[5] As in Civil Beat, there is still a live controversy over the correct interpretation of the Sunshine Law in the alleged circumstances, and declaratory relief, if warranted, "would present future harm

_____

[4] For similar reasons, Manuel's return to the First Deputy position mooted Plaintiffs' request for injunctive relief enjoining Defendants "from any conduct in furtherance of" the earlier redeployment.

[5] Plaintiffs similarly asked the court to "[d]etermine the transferring or discharging of the Deputy is a Commission action that must occur pursuant to the Sunshine Law at a[n] open meeting[.]"

to the public interest." 144 Hawaiʻi at 476, 445 P.3d at 57. Indeed, Defendants acknowledge that the Circuit Court should have ruled on the merits of this claim. See supra.

The Circuit Court also erred in dismissing Count III of the Complaint, in which Plaintiffs essentially alleged that any delegation of CWRM authority to the CWRM chair to transfer or discharge the First Deputy was an illegal rule. Plaintiffs asked for a determination that any such delegation was a rule that was required to be, but was not, adopted pursuant to HRS § 91-3, and that any such rule be voided. Plaintiffs argue that in the absence of CWRM action to remove or reinstate Manuel, "the CWRM Chair either acted with delegated authority to take these actions under a rule that had not been promulgated under HRS § 91-3, or acted without this authority - and in the process deprived the public of their right to know and participate in the conduct of public policy pursuant to HRS chapter 92." Defendants, on the other hand, argue that CWRM never had the power to redeploy the First Deputy, could not have delegated such power to Chang, and thus there was no rule for the Circuit Court to void. This argument, however, goes to the merits of Plaintiffs' claim and essentially sidesteps the declaratory relief they seek from the Circuit Court regarding the alleged illegal rulemaking by CWRM. See HRS §§ 91-3, 91-7. There is still a live controversy here regarding the relief sought in Count III.

Plaintiffs' remaining contentions concern the merits of the MSJ and the Motion to Disqualify. Because the Circuit Court dismissed the Complaint due to mootness, it did not reach the merits of those motions, and we need not address Plaintiffs' related contentions at this stage.

### III. Conclusion

For the reasons discussed above, the March 12, 2024 *Final Judgment* is affirmed in part and vacated in part. The dismissal of the Complaint due to mootness is affirmed as to Count I and vacated as to Counts II and III. The case is

remanded to the Circuit Court for further proceedings consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawaiʻi, June 17, 2026.

On the briefs:

Lance D. Collins
(Law Office of Lance D. Collins)
Bianca Isaki
(Law Office of Bianca Isaki)
Ryan D. Hurley
(Law Office of Ryan D. Hurley, LLLC)
for Plaintiffs-Appellants.

Kalikoʻonālani D. Fernandes,
Solicitor General of Hawaiʻi,
and
Thomas J. Hughes,
Deputy Solicitor General,
for Defendants-Appellees.

/s/ Katherine G. Leonard
Presiding Judge


/s/ Keith K. Hiraoka
Associate Judge


/s/ Clyde J. Wadsworth
Associate Judge